IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| ROY GASAWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:11-cv-00509-MJR-PMF |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| JOHNSON & JOHNSON, ) | ON ALL COUNTS |
| ORTHO-McNEIL PHARMACEUTICAL, INC., ) | |
| JOHNSON & JOHNSON PHARMACEUTICAL ) | |
| RESEARCH & DEVELOPMENT, LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS JOHNSON & JOHNSON, ORTHO-McNEIL-JANSSEN
PHARMACEUTICALS, INC., AND JOHNSON & JOHNSON
PHARMACEUTICAL RESEARCH AND DEVELOPMENT, L.L.C'S
<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Johnson & Johnson, Ortho-McNeil-Janssen Pharmaceuticals, Inc., erroneously named as Ortho-McNeil Pharmaceutical, Inc., and Johnson & Johnson Pharmaceutical Research and Development, LLC ("Defendants"), through undersigned counsel, hereby remove *Roy Gasaway v. Johnson & Johnson et al.*, Case No. 11-L-295, filed in the Circuit Court of St. Clair County in the State of Illinois. As grounds for removal, Defendants state as follows.[1/]

**INTRODUCTION**

1.   Plaintiff alleges he suffered tendon injuries after his use of the prescription medication Levaquin. A federal multidistrict litigation ("MDL") involving numerous cases with similar allegations of tendon injuries after the use of the prescription medication Levaquin is

---

[1/]   Counsel for Plaintiff Gasaway consents to this Notice of Removal.

pending in the United States District Court for the District of Minnesota before the Honorable John R. Tunheim, *In re Levaquin Products Liability Litigation*, MDL No. 1943.

2. As required under the Judicial Panel for Multidistrict Litigation ("JPML") Rules of Procedure, Defendants intend to seek transfer of this action to MDL No. 1943, and will shortly provide the MDL Panel with notice of this action under the "tag-along" procedure in the JPML Rules. *See* Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425 (JPML 2001), Rule 7.2(i).

3. On July 8, 2010, ninety-five (95) unrelated plaintiffs from four different states brought an action entitled *Lena Schnetzinger et al. v. Johnson & Johnson, et al.*, against Johnson & Johnson, Ortho-McNeil-Janssen Pharmaceuticals, Inc. and Johnson & Johnson Pharmaceutical Research & Development, LLC in the Circuit Court of St. Clair County, in the State of Illinois, bearing Number 10-L-345. A copy of the *Schnetzinger* Complaint is included in the State Court File.

4. On December 20, 2010, Defendants filed a Motion to Sever plaintiffs in this case because their claims did not arise out of the same transaction or series of transactions as is required by Illinois' joinder statute. Defendants also filed Motions to Transfer on grounds of improper venue and *forum non conveniens* for the plaintiffs who did not reside in St. Clair County, Illinois. A copy of these motions is included in the State Court File.

5. On or around March 31, 2011, The Padberg & Corrigan Law Firm filed a Motion for Substitution of Counsel advising the Court that Plaintiff Roy Gasaway will no longer be represented by Carey & Danis, but will instead be represented by Padberg & Corrigan. A copy of this motion is included in the State Court File. Shortly thereafter, counsel for Plaintiff agreed

to voluntarily sever his claim from this action. *See* Uncontested Supplemental Motion to Sever in the State Court File.

6. On May 16, 2011, Judge Cueto, the presiding Judge in the *Schnetzinger* case, signed an order voluntarily severing Mr. Gasaway's claim. A copy of this order is included in the State Court File.

7. Per Judge Cueto's order, also on May 16, 2011, the Clerk's office assigned Plaintiff Gasaway a new and separate cause number, 11-L-295, and Plaintiff was ordered to file a separate complaint, which he did on June 1, 2011. A copy of Plaintiff's First Amended Complaint is in the State Court File.

8. Accordingly, as more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest and is between citizens of different states.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441.

### A. Amount In Controversy

9. It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest.

10. Plaintiff brings seven different claims against Defendants. However, his key contention is that "Levaquin is defectively designed, inadequately tested, dangerous to human health, and lacks proper warnings as to the dangers associated with its use." (First Am. Compl. at ¶ 16).

11. Plaintiff alleges that he suffered "severe and debilitating tendon injuries" and "long and painful treatments for these conditions" after using Levaquin. (*Id.* at ¶ 6, 108).

Plaintiff alleges that as a result of Defendants' conduct, she "has sustained and will continue to sustain severe and debilitating injures, economic loss, and other damages, including, but not limited to, cost of medical care, rehabilitation, lost income, permanent instability and loss of balance, immobility, and pain and suffering, for which Plaintiff is entitled to compensatory and equitable damages and declaratory relief…"  (*Id.* at ¶¶ 120, 128, 135, 140, 158.)

12. Nowhere in the First Amended Complaint does Plaintiff limit the amount in controversy to less than $75,000.  For each of his claims, Plaintiff seeks actual and compensatory damages, costs of suit, pre-and post-judgment interest, and any other available relief.  (See Prayers for Relief following Counts I-VII of First Am. Compl.).

13. If liability is established, compensatory damages in excess of the jurisdictional amount of $75,000 have been awarded in product liability claims in Illinois, where as here, plaintiffs allege serious injuries.  *See, e.g., Hansen v. Baxter Healthcare Corp.,* 198 Ill. 2d 420, 439 (Ill. 2002); *Proctor v. Upjohn,* 291 Ill. App. 3d 265, 287 (Ill. Ct. App. 1997); *Kochan v. Owens-Corning Fiberglass Corp.,* 242 Ill. App. 3d 781, 810 (Ill. Ct. App. 1993).

14. Based on plaintiffs' allegations of personal and economic injuries, the finder of fact could easily conclude that each plaintiff is entitled to damages in excess of $75,000, and Defendants have met their burden of showing that the jurisdictional amount is satisfied.  *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006); *In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 671 (7th Cir. 2001) (observing, where plaintiff alleged permanent lung damage in a personal injury suit, that "[i]t is difficult to see how, if he succeeded in proving his claim … he would be entitled to less than … [the] jurisdictional minimum"); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997); *Hansen*, 198 Ill. 2d at 439.

### B.  Complete Diversity Of Citizenship

15. Plaintiff is a citizen of the State of Oklahoma.  (First Am. Compl. at ¶ 11).

16. Defendant Johnson & Johnson is and was at the time Plaintiff commenced this action, a citizen of the State of New Jersey where it is organized and where its principal place of business is located.  Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc., erroneously named as Ortho-McNeil Pharmaceutical, Inc., is a Pennsylvania corporation with its principal place of business in the State of New Jersey.  Defendant Johnson & Johnson Pharmaceutical Research and Development, LLC is a New Jersey limited liability company whose sole member is Centocor Research & Development, Inc., a Pennsylvania corporation.  As Centocor Research & Development, Inc., is a Pennsylvania corporation, Johnson & Johnson Pharmaceutical Research and Development, LLC is a citizen of Pennsylvania for purposes of determining jurisdiction.

17. Therefore, Defendants are all citizens of either the State of New Jersey or Pennsylvania for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

## II.  DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

18. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).  Plaintiff Gasaway's claims were voluntarily severed on May 16, 2011, at which time his claims became removable.  Thus, this Notice of Removal is filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" and is not being removed "more than 1 year after commencement of the action."  *Id.* Removal of the state court action to this United States District Court pursuant to 28 U.S.C. §§ 1132, 1441, and 1446 is proper because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  This

Court, therefore, has original jurisdiction over all claims pursuant to 28 U.S.C. § 1332.  Thus, removal of this action to this Court is proper pursuant to U.S.C. § 1441.

19. The Circuit Court of St. Clair County is located within the Southern District of Illinois.  Therefore, venue is proper pursuant to 28 U.S.C. § 93(c) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

20. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending and will serve a copy of this notice on all parties to the removed action.

WHEREFORE, Defendants Johnson & Johnson, Ortho-McNeil-Janssen Pharmaceuticals, Inc. and Johnson & Johnson Pharmaceutical Research & Development, LLC respectfully remove this action from the Circuit Court of St. Clair County, in the State of Illinois, bearing Number 11-L-295, to this Court pursuant to 28 US.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

BRYAN CAVE LLP

By:  /s/ Stephen G. Strauss
Dan H. Ball, #6192613
Stephen G. Strauss, #6278807
Stefan A. Mallen, #6279262
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone:  (314) 259-2000
Fax:  (314) 259-2020

and

John Dames
William V. Essig
Drinker Biddle & Reath LLP
191 North Wacker Drive, Suite 3700
Chicago, Illinois 60606-1698
Telephone: (312) 569-1497
Fax: (312) 569-3497

*Attorneys for Defendants*
*Johnson & Johnson; Ortho-McNeil-Janssen*
*Pharmaceuticals, Inc.; and Johnson & Johnson*
*Pharmaceutical Research & Development, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 14, 2011, a copy of the foregoing was served via U.S. mail, first-class postage prepaid to:

David W. Bauman
The Padberg & Corrigan Law Firm
1926 Choteau Avenue
St. Louis, Missouri 63103

/s/ Stephen G. Strauss